UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEM SOCCER ENTERTAINMENT MANAGEMENT CORPORATION, a Massachusetts Corporation,<br><br>Plaintiff,<br><br>v.<br><br>J.A. MASTERS EVENTS, LLC, a California Limited Liability Company; JEFFERSON CASTRO, an individual and sole manager of J.A. Masters Events, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:25-cv-00229-WQH-VET<br><br>**ORDER** |

HAYES, Judge:

On January 31, 2025, Plaintiff SEM Soccer Entertainment Management Corporation ("Plaintiff") filed a Complaint against Defendant J.A. Masters Events, LLC ("JAME LLC") and Defendant Jefferson Castro ("Castro") (collectively, "Defendants"). (ECF No. 1.)

On the same day, the Clerk of the Court issued the summons and proof of service form. (ECF No. 2.)

1

On May 21, 2025, the Court issued an Order to Show Cause (the "Order to Show Cause") noting that "neither Defendant ha[d] entered an appearance" and that "no proof of service ha[d] been filed for either Defendant." (ECF No. 3 at 2.) The Order to Show Cause provided Plaintiff with notice that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"), the Court would:

> dismiss this action without prejudice unless, within thirty (30) days from the date this Order is issued, Plaintiff files (1) proof that service of the summons and complaint was timely effectuated; or (2) proof that service of the summons and complaint was not required; or (3) a declaration under penalty of perjury showing good cause for the failure to timely effect service accompanied by a motion for leave to serve process outside of the time period granted by the Court.

*Id.*

On May 22, 2025, Plaintiff filed a Proof of Service of Summons for JAME LLC, along with the process server's corresponding documentation. (ECF No. 4.) The filing states that "Melissa C," who "identified themselves as the person authorized to accept" service, was served on behalf of JAME LLC on May 7, 2025. *Id.* at 1, 4. The Court notes that Plaintiff's service upon JAME LLC appears to have been untimely, as Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Here, the Complaint was filed on January 31, 2025, making May 1, 2025, the deadline for timely service upon Defendants. However, JAME LLC was not served until six days later, on May 7, 2025. While the Court, in its discretion, accepts Plaintiff's service upon JAME LLC for the limited purpose of discharging the Order to Show Cause, this acceptance is without prejudice to JAME LLC's right to challenge the adequacy or timeliness of service upon a showing of prejudice or for other good cause. The Order to Show Cause is accordingly discharged as to Plaintiff's service of JAME LLC.

However, the docket reflects that, since the issuance of the Order to Show Cause, Plaintiff has made no filings regarding service of process upon Defendant Castro. Plaintiff's filing in response to the Order to Show Cause appears to pertain solely to service

upon JAME LLC. Specifically, the Proof of Service of Summons filed by Plaintiff identifies the "[p]arty served" as "J.A. Masters Events, LLC" (ECF No. 4 at 1), and the process server's paperwork states that "J.A. Masters Events, LLC was served by Personal Service on 5/7/2025," *id.* at 4. Plaintiff's filing thus does not demonstrate that Plaintiff has effectuated service of process upon Castro. Additionally, Plaintiff has not otherwise complied with the Order to Show Cause by filing either "proof that service of the summons and complaint was not required" or "a declaration under penalty of perjury showing good cause for the failure to timely effect service accompanied by a motion for leave to serve process outside of the time period granted by the Court." (ECF No. 3 at 2.) Accordingly, the Court will dismiss Plaintiff's claims against Castro without prejudice for failure to effectuate service of process.

IT IS HEREBY ORDERED that the Order to Show Cause (ECF No. 3) is discharged as to Plaintiff's service of process upon Defendant JAME LLC. Plaintiff's claims against JAME LLC remain pending.

IT IS FURTHER ORDERED that Plaintiff's claims against only Defendant Castro are dismissed without prejudice.

Dated: July 7, 2025

Hon. William Q. Hayes
United States District Court