UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEM SOCCER ENTERTAINMENT MANAGEMENT CORPORATION, a Massachusetts Corporation,<br><br>Plaintiff,<br><br>v.<br><br>J.A. MASTERS EVENTS, LLC, a California Limited Liability Company; JEFFERSON CASTRO, an individual and sole manager of J.A. Masters Events, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:25-cv-00229-WQH-VET<br><br>**ORDER** |

HAYES, Judge:

On January 31, 2025, Plaintiff SEM Soccer Entertainment Management Corporation ("Plaintiff") filed a Complaint against Defendants J.A. Masters Events, LLC ("JAME LLC") and Jefferson Castro ("Castro"). (Complaint, ECF No. 1.)

On May 21, 2025, the Court issued an Order to Show Cause requiring Plaintiff to file proof of service as to Defendants JAME LLC and Castro. (ECF No. 3.) On the

3:25-cv-00229-WQH-VET

following day, Plaintiff filed proof of service of summons on Defendant JAME LLC. (ECF No. 4.)

On July 7, 2025, the Court dismissed Plaintiff's claims against Defendant Castro for failure to effectuate service of process. (ECF No. 5.)

On August 13, 2025, Plaintiff filed an Application for Entry of Default against Defendant JAME LLC. (ECF No. 6.) On August 15, 2025, the Clerk of Court entered default as to Defendant JAME LLC. (ECF No. 7.)

On October 20, 2025, the Court ordered Plaintiff to file its Motion for Default Judgment against Defendant JAME LLC no later than November 3, 2025. (ECF No. 10.)

On November 5, 2025, Plaintiff filed the pending Motion for Default Judgment against Defendant JAME LLC. (ECF No. 11.)

The Court must determine whether it may exercise subject matter jurisdiction over this action before granting default judgment. "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). For purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Plaintiff contends that the Court may exercise diversity jurisdiction over this action. (Compl. ¶ 2.) Plaintiff alleges that it is "a Massachusetts domestic for-profit corporation," and that Defendant JAME LLC is "a California limited liability company," of which Defendant Castro is the "sole member and sole manager." *Id.* ¶¶ 4–6. Plaintiff does not, however, allege the citizenship of Defendant Castro. Without allegations

3:25-cv-00229-WQH-VET

regarding the citizenship of Defendant JAME LLC's sole member, the Court is unable to determine its citizenship for the purposes of assessing diversity jurisdiction.

IT IS HEREBY ORDERED that Plaintiff shall file a response to this Order within (30) days of its filing that provides sufficient information for the Court to determine the citizenship of Defendant J.A. Masters Events, LLC. If Plaintiff fails to do so, the Court will dismiss this action without prejudice.

Dated:  March 1, 2026

Hon. William Q. Hayes
United States District Court

3:25-cv-00229-WQH-VET