UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEM SOCCER ENTERTAINMENT MANAGEMENT CORPORATION, a Massachusetts Corporation, | Case No.:  3:25-cv-00229-WQH-VET |
| Plaintiff, | **ORDER** |
| v. | |
| J.A. MASTERS EVENTS, LLC, a California Limited Liability Company; JEFFERSON CASTRO, an individual and sole manager of J.A. Masters Events, LLC; and DOES 1 through 10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration of Damages Award (ECF No. 16) filed by Plaintiff SEM Soccer Entertainment Management Corporation.

## I.    PROCEDURAL HISTORY

On January 31, 2025, Plaintiff SEM Soccer Entertainment Management Corporation ("Plaintiff") filed a Complaint against Defendants J.A. Masters Events, LLC ("JAME") and Jefferson Castro ("Castro"). (ECF No. 1.)

1

On May 21, 2025, the Court issued an Order to Show Cause requiring Plaintiff to file proof of service as to JAME and Castro. (ECF No. 3.) On the following day, Plaintiff filed proof of service as to JAME. (ECF No. 4.)

On July 7, 2025, the Court dismissed Plaintiff's claims against Defendant Castro for failure to effectuate service of process. (ECF No. 5.)

On August 13, 2025, Plaintiff filed an Application for Entry of Default against JAME. (ECF No. 6.) On August 15, 2025, the Clerk of Court entered default as to JAME. (ECF No. 7.)

On November 5, 2025, Plaintiff filed a Motion for Default Judgment against JAME. (ECF No. 11.)

On April 4, 2026, the Court granted Plaintiff's Motion for Default Judgment in the amount of $20,593.00. (ECF No. 14 at 16.)

On May 4, 2026, Plaintiff filed the pending Motion for Reconsideration of Damages Award. (ECF No. 16.) Plaintiff moves the Court to reconsider its damages award in the April 6, 2026 Order, and to issue judgment in the revised amount of $113,000.00. (ECF No. 16 at 9.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

2

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

## III.   DISCUSSION

This case concerns a contract between Plaintiff and JAME regarding an exhibition soccer match between Guatemala and Panama held in San Jose, California. (Compl., ECF No. 1 ¶ 9.) In its Complaint, Plaintiff alleges that it agreed to participate as an "investor" in the soccer match by providing $198,000.00 to JAME in return for 30% of the "total revenue of the soccer match." *Id.* ¶¶ 9, 19.3. Plaintiff alleges that it provided this money to JAME but that, after the soccer match, JAME failed to comply with provisions of the contract requiring JAME to share documentation about the event's revenue. *Id.* ¶¶ 14–17.

Plaintiff alleges that JAME shared only two documents related to the event, which did not comply with the reporting requirements of their contract but did indicate total revenue collected by JAME in the amount of $351,977.00. *Id.* ¶¶ 16–17, 19. Plaintiff alleges that, in July and August 2024, JAME remitted a total of $85,000.00 to Plaintiff despite repeated requests to share compliant reporting documents about the revenue of the soccer match. *Id.* ¶¶ 19.

Plaintiff also alleges:

JAME's president, Jefferson Castro, informed SEMC's president, Servin Diaz, that JAME would invest the unreturned $113,000 balance of SEMC's $198,000 investment into another or subsequent sporting event.

SEMC's president, Servin Diaz, admonished JAME's president, Jefferson Castro, *categorically* to *not* invest whatever balanced remained of SEMC's

$198,000 investment . . .

JAME's president, Jefferson Castro, later informed SEMC's president, Servin Diaz, that JAME *had* invested the balance of whatever was left of SEMC's $198,000 investment in another or subsequent sporting event, with a total loss of SEMC's "investment" in that other or subsequent sporting event.

*Id.* ¶ 20. In the Complaint, Plaintiff asserts five claims against JAME and seeks the "unreturned portion [] of its $198,000 payment" in the amount of $113,000.00. *Id.* ¶¶ 28–35, 45–54; *id.* at 15.

In its April 6, 2026 Order, the Court held that Plaintiff was entitled to default judgment on two claims: breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 14 at 9–14.) The Court held that Plaintiff had not adequately stated its claims for conversion, intentional misrepresentation, and a violation of California's Unfair Competition Law. *Id.* at 10–11.

In determining the appropriate measure of damages, the Court considered Plaintiff's contention that the award should equal the difference between Plaintiff's investment in the venture ($198,000) and the money returned to Plaintiff by JAME after the soccer match ($85,000), in the resulting amount of $113,000. *Id.* at 14. The Court stated that "Plaintiff has submitted sufficient proof that it remitted $198,000.00 to JAME as an investment in the soccer match, which entitled Plaintiff to a 30% share of profits from the event." *Id.* at 15 (citations omitted). The Court stated: "Based on its Complaint and Exhibits, Plaintiff has submitted sufficient proof that JAME collected or was entitled to collect $351,977.00 in net revenue. Based on this amount of net revenue, the Agreement requires JAME to remit approximately $105,593.00 to Plaintiff." *Id.* (citing Exhibit 6, ECF No. 1-1 at 18 ("Event Recap" document provided by JAME to Plaintiff identifying $351,977.00 in revenue)).

The Court stated, however, that Plaintiff had not "submitted sufficient proof that it is entitled to $113,000.00 . . . because [t]he Agreement does not require JAME to return

Plaintiff's investment in its full amount and Plaintiff has not presented sufficient proof that a 30% pro-rata share of the profits from the soccer match would entitle it to payment in the amount of $198,000.00." *Id.* at 15. The Court awarded damages in the amount of $20,593.00, which reflects the difference between the $105.593.00 to which Plaintiff is entitled and the $85,000.00 remitted by JAME. *Id.* at 16.

In the pending Motion for Reconsideration of Damages Award, Plaintiff contends that the Court should not have relied on the "Event Recap" document provided by JAME (Exhibit 6, ECF No. 1-1 at 18) to conclude that JAME had collected total revenue from the soccer match in the amount of $351,977.00. (ECF No. 16 at 2.) Plaintiff contends that it "did not proffer Exhibit 6 for the *truth* of its contents," but only to show that the $85,000.00 remitted by JAME did not comport with the minimal financial reporting that JAME had shared with Plaintiff. *Id.* at 2–3. Plaintiff contends that it included Exhibit 6 in its Complaint "to ensure the completeness of the record" and "to demonstrate that [JAME's] calculations were mathematically impossible even using its own purported numbers." *Id.* at 3 (emphasis omitted). Plaintiff contends that, by treating the information in Exhibit 6 as true for the purpose of awarding damages, the Court "has inadvertently rewarded [JAME's] malfeasance." *Id.*

Plaintiff contends that JAME's failure to produce adequate documentation about the soccer match and to appear in this action renders the Court unable to determine whether the "actual profits (or losses) from the soccer match" should "compel [any] award at all." *Id.* at 5. Plaintiff contends that "[a]n equitable solution to this dilemma" is for the Court to consider JAME's "acknowledged retention of $113,000 of [Plaintiff's] monies" and its subsequent "total loss" of those monies despite Plaintiff's objection to reinvestment. *Id.* at 6. Plaintiff contends that its allegations adequately plead its conversion claim, and that a revised award in the amount of $113,000.00 is appropriate. *Id.* at 6–7.

3:25-cv-00229-WQH-VET

A plaintiff moving for default judgment bears the burden of "provid[ing] proof of all damages sought in the complaint." *Trs. of Multi Union Sec. Tr. Fund v. Da Def. Logistics HQ LLC*, No. 221CV00484RGKAFM, 2022 WL 17370528, at *4 (C.D. Cal. Aug. 1, 2022); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). After establishing liability, a plaintiff "seeking money damages must 'prove-up' its damages with admissible evidence." *RCS Unlimited, LLC v. Pantheon Healthcare LTD.*, No. 2:24-CV-09892-ODW (JPRX), 2025 WL 3295322, at *4 (C.D. Cal. Nov. 25, 2025) (citation omitted).

Here, Plaintiff does not provide admissible evidence to support a damages award in the amount of $113,000.00. The record does not support a finding that the total revenue of the soccer match met or exceeded $660,000.00, which would entitle Plaintiff to its requested damages award under the terms of the parties' contract. (Exhibit 4, ECF No. 1-1 at 13.) The contract also does not support a finding that Plaintiff was entitled to receive a return on its investment equal to the amount that it remitted to JAME. Although Plaintiff alleges in the Complaint that JAME acknowledged the "unreturned $113,000 balance" of its initial investment and "reinvested" that money over objections, Plaintiff does not support those allegations with an affidavit or other admissible evidence that might be adequate to prove damages in that amount. (Compl. ¶ 20.) Upon review, the Court does not find good cause to alter its April 6, 2026 Order granting default judgment to Plaintiff in the amount of $20,593.00.

## IV.    CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reconsideration of Damages Award (ECF No. 16) is denied. Plaintiff may move for an award of attorneys' fees and costs no later than thirty (30) days from the filing of this Order. If Plaintiff fails to move for costs

3:25-cv-00229-WQH-VET

and/or attorneys' fees within thirty (30) days, the Court will order the Clerk of Court to issue judgment and close this case.

Dated:  July 13, 2026

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

3:25-cv-00229-WQH-VET